## Cutsler v. Balshi

*William C. Hewson*, for plaintiffs.
*E. Drummond King*, for defendant.

FRANCIOSA, *J.*, May 6, 1975—This matter is before the court on plaintiffs' objections to defendant's interrogatories filed in this medical malpractice action. We deny and dismiss plaintiffs' objections for the reasons noted below.

Plaintiffs previously filed 39 interrogatories upon defendant, Dr. Balshi; the latter has answered these completely. In response, Dr. Balshi filed 34 interrogatories upon plaintiffs. Plaintiffs have refused to answer any of the 34 interrogatories and object to 10 of them. The grounds for their objec-

tions are that interrogatories nos. 6, 12, 13, 14, 15, 16, 17, 31, 32 and 34 call for the expression of expert opinion in violation of Pa.R.C.P. 4011(f).

A careful review of the interrogatories objected to reveals that interrogatories nos. 6, 13, 14, 15, 31 and 34 deal with material allegations in plaintiffs' complaint respecting medical practices and procedures allegedly negligently performed by defendant, Dr. Balshi. They are, therefore, more in the nature of a more specific pleading than in the nature of questions propounded to a party or witness, solely as an expert, to discover "the product of his brain." See Swotes v. Rechtman, 46 D. & C. 2d 283 (1969, Philadelphia, Weinrott, J.).

Unlike other cases, in a malpractice action the very expertise of defendant is at issue. Particularly when dealing with this issue, an expert's testimony of fact and opinion are always intermingled: Swotes v. Rechtman, supra; Decker v. Pohlidal, 22 D. & C. 2d 631 (1960, Northampton County, Barthold, P. J.).

Research reveals no appellate decision discussing the application of Pa.R.C.P. 4011(f) to a medical malpractice situation; lower courts have split on the issue. Cf. Swotes v. Rechtman, supra, and Borish v. Beck, 43 D. & C. 2d 172 (1967, Philadelphia, Jamieson, J.). Borish v. Beck, supra, denying discovery and cited by plaintiffs, was explicitly rejected in the later case of Swotes v. Rechtman, supra; both were Philadelphia cases. Northampton County's precedent is in accord with Swotes in refusing to prohibit interrogatories touching upon expert opinion when the objecting party is himself a medical expert and is being questioned directly upon the issue involved: Decker v. Pohlidal, supra.

Although no reported case deals with the exact situation here, in which *defendant* doctor seeks

discovery against *plaintiffs* regarding areas of expertise alleged in plaintiffs' complaint, fairness demands that defendant be granted the same right to discovery as Swotes and Decker grant plaintiffs. While plaintiffs are not themselves medical experts, as were the objecting parties in Swotes and Decker, supra, they alleged in detail matters of medical expertise in their complaint. Defendant is entitled to discover from them the nature and content of the alleged deviations from good medical practice with which he is charged.

Interrogatories 12, 16, 31 and 32 are of essentially the same nature as the interrogatories discussed above and are similarly discoverable by defendant.

Interrogatory 17 relates to the issue of informed consent and does not involve substantial issues of expert opinion; it, therefore, cannot violate Pa.R.C.P. 4011(f).

Interrogatory 34 relates to the issue of the collateral source rule and thus has no relevancy whatsoever to a violation of Pa.R.C.P. 4011(f).

No objection has been filed respecting the other 24 interrogatories, although plaintiffs have failed to answer them within the period prescribed by Pa.R.C.P. 4006.

Pursuant to our discussion, we find all the disputed interrogatories permissible, and we enter the following

## ORDER

And now, May 6, 1975, plaintiffs' objections to defendant's interrogatories nos. 6, 12, 13, 14, 15, 16, 17, 31, 32 and 34 are hereby denied and dismissed. Plaintiffs are ordered to file answers to all of defendant's interrogatories within 20 days of the date of this order.